# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL MCLOCHLIN** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 1:24cv51-HSO-BWR |
| | § | |
| **ERALDO LAPIETRA** | § | **DEFENDANT** |

## ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE PLAINTIFF MICHAEL MCLOCHLIN'S MOTION [8] FOR DEFAULT JUDGMENT

BEFORE THE COURT is Plaintiff Michael McLochlin's Motion [8] for Default Judgment, filed on June 28, 2024. After due consideration of the Motion [8], the record, and relevant legal authority, the Court finds that Plaintiff's Motion [8] should be granted in part as to Plaintiff's request for damages in the amount of $300,000.00 against Defendant Eraldo Lapietra, plus post-judgment interest calculated according to 28 U.S.C. § 1961(a), and denied in part as to Plaintiff's request for $405.00 in filing fees and $150.00 for service of process fees, without prejudice to his right to timely submit a bill of costs in accordance with 28 U.S.C. § 1920 and Local Uniform Civil Rule 54(c).

## I.   BACKGROUND

Plaintiff Michael McLochlin ("Plaintiff" or "McLochlin") asserts that on or about April 10, 2022, he entered into an oral contract with Defendant Eraldo Lapietra ("Defendant" or "Lapietra"). *See* Compl. [1] at 2. Specifically, Plaintiff loaned Defendant $300,000.00, which he agreed to immediately repay. *See id.*

According to Plaintiff, "Defendant has promised on numerous occasions to pay the Plaintiff the $300,000.00 but has not done so," and "[o]n April 25, 2023, Plaintiff made his demand for the repayment of the $300,000.00."  *Id*.  But "Defendant has willfully and steadfastly refused to pay same to the Plaintiff" and "has ignored the debt."  *Id*.

On February 15, 2024, Plaintiff filed a Complaint [1] against Lapietra, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332 and asserting claims for breach of contract, constructive trust, and fraud.  *See id*. at 1-3.  The Complaint [1] demanded liquidated damages in the amount of $300,000.00, as well as pre- and post-judgment interest, punitive damages, and attorneys' fees.  *See id*. at 3-4.  Lapietra was personally served with the Complaint [1] on April 18, 2024, *see* Proof [5] at 2, but he has not appeared.  On June 24, 2024, the Clerk of Court entered default against Lapietra.  *See* Entry of Default [7] at 1.

Plaintiff has now filed a Motion [8] for Default Judgment.  *See* Mot. [8].  He asks the Court to enter a default judgment against Lapietra in the amount of $300,000.00, plus court costs of $405.00, service of process fees of $150.00, and post-judgment interest at a rate of 4% per annum.  *Id*. at 2.

II.   DISCUSSION

A.   Subject-matter and personal jurisdiction

A district court has federal diversity jurisdiction when the parties are of diverse citizenship and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).  The

2

Complaint [1] alleges that Plaintiff is a citizen of Indiana and that Lapietra is a citizen of California, which establishes complete diversity of citizenship. *See* Compl. [1] at 1. The damages sought also exceed $75,000.00. *See id.* at 1-4. Therefore, the Court possesses subject-matter jurisdiction. *See id.*; 28 U.S.C. § 1332(a).

A plaintiff generally bears the burden of making a prima facie case of personal jurisdiction over a defendant when no evidentiary hearing is conducted. *See, e.g.*, *Conn Appliances, Inc. v. Williams*, 936 F.3d 345, 347 (5th Cir. 2019). Serving a summons establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the court is located or when authorized by federal statute. *See* Fed. R. Civ. P. 4(k)(1). A federal district court sitting in diversity must satisfy two requirements to exercise personal jurisdiction over a nonresident defendant: (1) the forum state's long-arm statute must confer personal jurisdiction; and (2) "the exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006).

As for the first requirement,

> Mississippi's long-arm statute authorizes personal jurisdiction over a nonresident defendant in three situations: if the defendant (1) makes a contract with a resident of Mississippi to be performed in whole or in part in Mississippi; (2) commits a tort in whole or in part in Mississippi; or (3) conducts any business or performs any character of work in Mississippi.

*Pace v. Cirrus Design Corp.*, 93 F.4th 879, 894 (5th Cir. 2024) (citing Miss. Code

Ann. § 13-3-57). For the tort prong, "[i]f the injury occurs in Mississippi, the tort is committed, at least in part, in the state, and the requirements of the long-arm statute are satisfied." *Seiferth*, 472 F.3d at 270-71.

If the long-arm statute is satisfied, a court must then consider constitutional limitations on the exercise of personal jurisdiction. *See id.* "The Due Process Clause 'operates to limit the power of a State to assert *in personam* jurisdiction over a nonresident defendant.'" *Id.* at 271 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984)). The "constitutional touchstone" of whether personal jurisdiction can be exercised is "whether the defendant 'purposefully established minimum contacts in the forum State.'" *Id.* (quoting *Asahi Metal Ind. Co. v. Super. Ct.*, 480 U.S. 102, 108-09 (1987)). For specific jurisdiction, a court must ask:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Id.* (quotation omitted). If a plaintiff satisfies the first two questions, "the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Id.*

In this case, the Complaint alleges sufficient facts to make a prima facie showing that Lapietra committed at least one alleged tort in the State of Mississippi. *See* Compl. [1] at 1-3; Resp. [11] at 1-2; Pl.'s Aff. [11-1] at 1-2. Specifically, Plaintiff claims that Lapietra both converted his funds and committed

4

fraud in this State by falsely representing that he would repay the $300,000.00, when Lapietra knew the representations were false and made them with the intention that Plaintiff should rely upon them, and which led to Plaintiff loaning Lapietra $300,000.00 in this State. *See* Compl. [1] at 2-3; *see also, e.g., 4-Way Elec. Servs., LLC v. Huntcole, LLC*, 366 So. 3d 844, 850 (Miss. 2023) (elements for conversion under Mississippi law); *Gulf Coast Hospice LLC v. LHC Grp. Inc.*, 273 So. 3d 721, 742 (Miss. 2019) (elements of fraud claim).

Plaintiff has also shown that Lapietra purposely directed his activities toward the State of Mississippi, and that his causes of action arise out of or result from those forum-related contacts. *See* Compl. [1] at 1-3; Resp. [11] at 1-2; Pl.'s Aff. [11-1] at 1-2; *Seiferth*, 472 F.3d at 271. According to the Complaint [1], both Plaintiff and Lapietra were visiting Biloxi, Mississippi, when Plaintiff loaned Lapietra the money in question, and Lapietra perpetrated a fraud upon Plaintiff in the State of Mississippi and converted his funds. *See* Compl. [1] at 2-3. The Court therefore has power to exercise *in personam* jurisdiction over Lapietra. *See Seiferth*, 472 F.3d at 271.

B.    <u>Relevant legal authority</u>

Federal Rule of Civil Procedure 55(b)(2) permits a district court to enter a default judgment against a party where the clerk has entered the party's default based upon a failure to plead or otherwise defend the action. *See* Fed. R. Civ. P. 55(b)(2). "The role of a district court in adjudicating a motion for default judgment is limited." *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022). By defaulting, a

defendant admits a plaintiff's well-pleaded allegations of fact in the complaint, *id.*, and a court accepts the facts asserted in the complaint as true and determines whether the plaintiff has stated a claim upon which relief can be granted, *id.* at 492-93.

Consistent with Federal Rule of Civil Procedure 8(a)(2), "a default judgment must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quotation omitted). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "The factual allegations in the complaint need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quotation omitted).

If a default judgment is proper, a court must determine damages. *Escalante*, 34 F.4th at 492. "As a general proposition, in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). But that rule "is subject to an exception where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Id.*[1]

---

[1] "Unliquidated damages are 'damages that have been established by a verdict or award but cannot be determined by a fixed formula, so they are left to the discretion of the judge or jury.'" *Cascade Cap. Grp., L.L.C. v. Landrum*, 846 F. App'x 253, 255 (5th Cir. 2021) (quoting *Moeller v. Am. Guar. & Liab. Ins. Co.*, 812 So. 2d 953, 959-60 (Miss. 2002)). "In contrast, liquidated damages are 'set or determined by a contract when a breach occurs.'" *Id.* (quoting *Moeller*, 812 So. 2d at 959).

C.   Analysis

1.   Plaintiff's claims

The Complaint [1] includes claims for conversion and fraud.   See Compl. [1] at 2.

> [T]o maintain an action for conversion, there must have been, on the part of the defendant, some unlawful assumption of dominion over the personal property involved, in defiance or exclusion of the plaintiff's rights, or else a withholding of the possession under a claim of right or title inconsistent with that of the plaintiff . . . .

*4-Way Elec. Servs., LLC*, 366 So. 3d at 850 (quotation omitted).   The Complaint [1] contains sufficient factual allegations to properly plead a conversion claim against Lapietra under Rule 8(a)(2).   Plaintiff alleges that Lapietra fraudulently assumed dominion over the $300,000.00 and then withheld possession of the funds from Plaintiff despite Plaintiff's claims for possession.   See Compl. [1] at 2-3.

The Complaint [1] also contains sufficient factual allegations to properly plead a fraud claim against Lapietra.   In order to prove fraud, a plaintiff must prove by clear and convincing evidence:

> 1) a representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of its falsity or ignorance of its truth; 5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; 6) the hearer's ignorance of its falsity; 7) his reliance on its truth; 8) his right to rely thereon; and 9) his consequent and proximate injury.

*Gulf Coast Hospice LLC*, 273 So. 3d at 742 (quotation omitted).   Plaintiff alleges that Lapietra falsely represented that he would repay the $300,000.00, even though Lapietra knew such representations were false and made them with the intention that Plaintiff should rely upon them.   See Compl. [1] at 2-3.   This led to Plaintiff

7

loaning Lapietra $300,000.00, which has not been repaid. *See id*. Because the Complaint [1] adequately states claims for conversion and fraud, Plaintiff's request for default judgment should be granted.[2]

2. Actual damages

"In a conversion action, the measure of damages is the value of the property at the time and place of the conversion." *Cmty. Bank, Ellisville, Miss. v. Courtney*, 884 So. 2d 767, 775 (Miss. 2004). "A fraud action permits the recovery of damages attributable to reliance upon an intentional misrepresentation." *Parsons v. Walters*, 297 So. 3d 250, 258 (Miss. 2020) (quotation omitted).

In this case, Plaintiff's recovery under the conversion claim would be the $300,000.00 converted by Lapietra, *see Cmty. Bank, Ellisville, Miss.*, 884 So. 2d at 775; Compl. [1] at 2-3, which is the same sum attributable to Plaintiff's reliance upon Lapietra's alleged intentional misrepresentation and thus recoverable for the fraud claim, *see Parsons*, 297 So. 3d at 258; Compl. [1] at 2-3. This is also the sum requested in the Motion [8]. *See* Mot. [8] at 2. The Court finds that Plaintiff's actual damages are $300,000.00. *See id.*; Compl. [1] at 2-3; *Parsons*, 297 So. 3d at 258; *Cmty. Bank, Ellisville, Miss.*, 884 So. 2d at 775.

3. Post-judgment interest

Plaintiff's Motion [8] also seeks post-judgment interest at the rate of 4% per annum. *See* Mot. [8] at 2; *see also* Compl. [1] at 4 (demanding post-judgment

---

[2] Because Plaintiff has shown that he is entitled to a default judgment and damages based upon his conversion and fraud claims, the Court need not consider the breach of contract claim.

interest). 28 U.S.C. § 1961(a) provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[ ] the date of the judgment." *Id.* The Court finds that an award of post-judgment interest is appropriate, but at the statutorily prescribed rate.

4.   Costs

Plaintiff also seeks recovery of $405.00 in filing fees and $150.00 for service of process fees. *See* Mot. [8] at 2. Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006).

Pursuant to 28 U.S.C. § 1920,

[a] judge or clerk of any court of the United States may tax as costs the following:
(1)   Fees of the clerk and marshal;
(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)   Fees and disbursements for printing and witnesses;
(4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5)   Docket fees under section 1923 of this title;

9

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920. Local Uniform Civil Rule 54(c) provides that

> [i]n all civil actions in which costs are allowed under 28 U.S.C. § 1920 in the final judgment as defined in FED. R. CIV. P. 54(a), the prevailing party to whom costs are awarded must file the bill of costs not later than thirty days after entry of judgment.

L.U. Civ. R. 54(c).

While the Court finds that a request for properly recoverable costs should be allowed, it will decline to tax them at this time. The Court will permit Plaintiff to submit a bill of costs not later than thirty days after entry of judgment, if he desires to do so, in accordance with 28 U.S.C. § 1920 and Local Uniform Civil Rule 54(c). This part of Plaintiff's Motion [8] will be denied in part, without prejudice to Plaintiff's right to submit a bill of costs that comports with the foregoing authority.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Michael McLochlin's Motion [8] for Default Judgment filed on June 28, 2024, is **GRANTED IN PART**, in that the Court will enter a Default Judgment in favor of Plaintiff Michael McLochlin against Defendant Eraldo Lapietra in the amount of $300,000.00, plus post-judgment interest calculated in accordance with 28 U.S.C. § 1961(a). The Motion [8] is **DENIED IN PART WITHOUT PREJUDICE** as to

10

Plaintiff's request for costs, with leave to submit a proper bill of costs in accordance with 28 U.S.C. § 1920 and Local Uniform Civil Rule 54(c).

**SO ORDERED AND ADJUDGED**, this the 31st day of July, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE